```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
HERBERT WASHINGTON,                       :
                         Petitioner,      :
                                          :         07 Civ. 7773 (DLC)
             -v-                          :
                                          :         OPINION & ORDER
LAWRENCE SPEARS, SUPERINTENDENT, and      :
DIVISION OF PAROLE, NEW YORK STATE,       :
                         Respondents.     :
                                          :
-----------------------------------------X
```

Appearances:

For Petitioner:

Herbert Washington
2327 Grand Concourse, Apt. #211
Bronx, New York 10468
PRO SE

For Respondents:

Priscilla Steward
Assistant Attorney General
Office of the Attorney General of the State of New York
120 Broadway
New York, NY 10271


DENISE COTE, District Judge:

On September 26, 2007, pro se petitioner Herbert Washington ("Washington") filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Washington claimed that he was deprived of due process and equal protection when his parole was revoked on July 15, 2004. On January 22, 2008, the petition was referred to Magistrate Judge

Ronald Ellis for a Report and Recommendation ("Report").  Prior to the issuance of the Report, Washington was conditionally released to parole supervision on June 2, 2008.  The Report issued on May 12, 2009 concludes that Washington's petition is moot and recommends that the petition be dismissed for lack of jurisdiction.  Washington filed objections to the Report on May 24, 2009.  Following further briefing and for the reasons that follow, the petition is dismissed for lack of jurisdiction due to mootness.

BACKGROUND

In March 1988, Washington was convicted of manslaughter in the first degree, N.Y. Penal Law § 125.20, a Class B felony under N.Y. Penal Law § 70.02.  Washington was sentenced to a term of imprisonment of twelve and a half to twenty-five years.  After serving fourteen years of his sentence, he was released to parole supervision on February 22, 2002.  The conditions of his parole prohibited Washington from violating any law or threatening the safety of others.  On April 4, 2004, Washington was charged with rape and sodomy in the first degree in violation of N.Y. Penal Law § 130.35.[1]  Although the criminal charges were later dismissed, the Administrative Law Judge

---

[1] This offense has since been amended to "criminal sexual act in the first degree."  N.Y. Penal Law § 130.50 (2009).

2

("ALJ") presiding over Washington's final parole revocation hearing found sufficient evidence of attempted penetration of the victim, which constituted a violation of Washington's parole.[2]  On July 15, 2004, the Parole Board affirmed the ALJ's recommendation and revoked Washington's parole.

Washington filed the instant amended petition for a writ of habeas corpus on September 21, 2007, seeking to be restored to parole supervision.  On June 2, 2008, Washington was conditionally released from prison to parole supervision.  In a March 6, 2009 letter to Magistrate Judge Ellis, Respondents argued that because Washington challenged only the Parole Board's decision to revoke his parole, his habeas petition was now moot.  Washington responded in a May 6 letter, arguing that his petition was not moot because he still suffered collateral consequences due to the revocation of his parole.  On May 12, Magistrate Judge Ronald Ellis issued his Report and recommended that Washington's petition be denied as moot because Washington challenged only the revocation of his parole and had not demonstrated that some concrete and continuing injury continued to flow from that revocation.  The Report did not, however,

---

[2] Pursuant to Rule #8 of his parole agreement, Washington had promised:  "I will not behave in such a manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others."

address any of Washington's arguments concerning collateral consequences in his May 6, 2009 letter.

Washington filed objections to the Report on May 24.  He argued that as a result of his parole revocation, he became ineligible for a certificate of good conduct, lost the opportunity to be released early from parole, and could be subject to enhanced punishment should his parole be revoked again in the future.  Washington also argued that unless this Court grants his petition, he will be foreclosed from pursuing a claim for damages for the alleged wrongful revocation of his parole and subsequent imprisonment.  On August 10, the Court ordered the Respondents to respond to the collateral consequences asserted by Washington in his objections to the Report.  The Respondents submitted their response in a letter dated August 28, to which Washington replied on September 20.

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The court must make a de novo determination of the portions of the Report to which petitioner objects.  28 U.S.C. § 636(b)(1); see United States v. Oberoi, 547 F.3d 436, 453 (2d Cir. 2008) (citation omitted).

The Report recommends that Washington's habeas petition be dismissed for lack of jurisdiction due to mootness. Washington was restored to supervised parole on June 2, 2008, the maximum sentence expiration date on his prior conviction. His term of parole is scheduled to expire on June 28, 2010. Under the Supreme Court's holding in Spencer v. Kemna, 523 U.S. 1 (1998), a petitioner seeking relief from a parole revocation, unlike a petitioner seeking relief from an original conviction, is not entitled to a presumption of collateral consequences satisfying the case-or-controversy requirement of Article III. Id. at 14; see also Hicks v. Lacy, 99 Civ 4523(DLC), 00 Civ 2307(DLC), 2003 WL 22510323, at *4 (S.D.N.Y. Nov. 4, 2003). A habeas petitioner no longer in custody who is challenging the result of a parole revocation hearing must therefore demonstrate a concrete, ongoing injury-in-fact attributable to his parole revocation. Spencer, 523 U.S. at 14; see also United States v. Probber, 170 F.3d 345, 348 (2d Cir. 1999).

In his objections to the Report, Washington argues that he suffers from several collateral consequences due to the revocation of his parole. First, Washington asserts that due to his parole revocation, he is no longer eligible to obtain a certificate of good conduct. Under New York law, a certificate of good conduct acts to "relieve an individual of any disability, or to remove any bar to his employment,

5

automatically imposed by law by reason of his conviction of the crime or of the offense specified therein." N.Y. Correct. Law § 703-a (2007). An individual whose most serious conviction is for a Class A or Class B felony, such as Washington, must have a minimum period of unrevoked parole of five years to be eligible to apply for a certificate of good conduct. N.Y. Correct. Law § 703-b (2003). A certificate of good conduct may be issued at the discretion of the parole board or by a unanimous vote of any three members of the board.[3]  Id.

Washington argues that because he was previously released to parole supervision on February 22, 2002, he would have been eligible for a certificate of good conduct on February 22, 2007 but for the revocation of his parole. While Washington is correct that he would have been eligible to apply for a certificate of good conduct, the loss of such eligibility alone does not constitute a concrete, ongoing injury-in-fact. A certificate of good standing is not automatically conferred on a parolee after the attainment of five years of unrevoked parole.

---

[3] The parole board may issue the certificate where it is satisfied that:

> (a) The applicant has conducted himself in a manner warranting such issuance for a minimum period in accordance with the provisions of subdivision three of this section; (b) The relief to be granted by the certificate is consistent with the rehabilitation of the applicant; and (c) The relief to be granted is consistent with the public interest.

N.Y. Correct. Law § 703-b (2003).

6

Rather, the decision to issue a certificate is within the sole discretion of the parole board.  The Supreme Court expressly excluded non-statutory discretionary acts of the State as potential collateral consequences to overcome mootness.  See Spencer, 523 U.S. at 14.  Even if Washington had attained five years of unrevoked parole, which itself is speculative, he still would not have been "entitled" to a certificate of good standing.  Accordingly, Washington fails to show that he has a tangible interest in a certificate of good standing that has been harmed by the revocation of his parole.[4]

Second, Washington argues that due to the revocation of his parole, he is no longer eligible for early release from parole supervision.  Under certain circumstances, the Division of Parole may grant an early discharge from parole supervision to an individual who has served the requisite number of years of unrevoked parole.  See N.Y. Exec. Law § 259-j (2009).  Such early release from parole is not available to individuals whose underlying convictions are for, inter alia, a "violent felony offense" as defined in N.Y. Penal Law § 70.02.  See N.Y. Exec.

---

[4] This case is distinguishable from Hicks, 2003 WL 22510323.  In Hicks, this Court acknowledged that the petitioner may have established an ongoing injury-in-fact because his parole revocation resulted in the loss of a temporary certificate of relief from civil disabilities pursuant to N.Y. Correct. Law § 701(1) (2003).  See Hicks, 2003 WL 22510323, at *4.  Unlike the petitioner in Hicks, Washington had not yet obtained a certificate of good standing when his parole was revoked.

Law § 259-j(1)(a). Because Washington's underlying conviction is for manslaughter in the first degree, N.Y. Penal Law § 125.20, which is a Class B violent felony under N.Y. Penal Law § 70.02, he is not -- and never was -- eligible for early release from parole supervision.[5] The revocation of Washington's parole does not affect this determination, and therefore his ineligibility for early release does not constitute a collateral consequence.

Third, Washington argues that he suffers an ongoing injury because the revocation of his parole renders him eligible for enhanced punishment if his parole is revoked again.[6] The Supreme

---

[5] Washington argues that because his underlying conviction is for a crime committed in 1985, it violates the constitutional prohibition against ex post facto laws to apply the current version of N.Y. Penal Law § 70.02 (and presumably N.Y. Exec. Law § 259-j) to bar him from early release from parole supervision. Washington's invocation of the Ex Post Facto Clause is misplaced. "One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249-50 (2000). Even if under prior New York law Washington would have been eligible for discretionary early release from parole, his ineligibility under the current statutory framework does not constitute an ex post facto violation because it does not "increase the punishment" for the crime of which Washington was convicted. Id. at 249.

[6] It is not clear that Washington would, in fact, be subject to enhanced punishment as a "persistent violator" under New York law. Washington is a "category one" parole violator based on his underlying conviction for manslaughter in the first degree. See 9 N.Y. Comp. Codes R. & Regs. § 8005.20(c)(1). By contrast, "persistent violators" are defined as "those violators who have incurred two prior sustained violations of their release upon the controlling conviction and would otherwise be subject to those penalties authorized under paragraphs (2) and (3) [i.e.,

Court rejected such an argument in Spencer "because it was contingent upon respondents' violating the law, getting caught, and being convicted." 523 U.S. at 15 (citing Lane v. Williams, 455 U.S. 624, 632 n.13 (1982)). "We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction." Id. (citation omitted). Therefore, Washington cannot show that he suffers a concrete, ongoing injury-in-fact on this ground.

Finally, Washington argues that unless the Court grants his petition for a writ of habeas corpus, he will be unable to obtain damages for his alleged unlawful imprisonment stemming from the revocation of his parole.[7] As the Supreme Court noted in Spencer, Washington's argument is "a great non sequitur" unless one believes that a claim for damages must always be available. See 532 U.S. at 17. Moreover, as the Supreme Court explained, it is not necessarily the case that Washington's

---

category two or category three violators]." Id. § 8005.20(5) (emphasis added). Notably, the enhancement imposed for parole violations committed by persistent violators is less than the minimum imposed for category 1 violators. Nevertheless, even assuming that Washington's parole revocation would subject him to harsher treatment if he were to violate his parole again, his argument that this constitutes a collateral consequence fails as explained herein.

[7] Washington's argument is presumably based on the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), which held that a prisoner may not bring a claim pursuant to 42 U.S.C. § 1983 for wrongful imprisonment unless his state conviction is called into question by, inter alia, the grant of a writ of habeas corpus by a federal court. Id. at 486-87.

claim for damages based on his parole revocation would be foreclosed if, for example, he "were to seek damages for using the wrong procedures, not for reaching the wrong result, and if that procedural defect did not necessarily imply the invalidity of the revocation." Id. (citation omitted).  Thus, Washington has again failed to demonstrate a collateral consequence owing to his parole revocation that prevents his petition from being moot.

In sum, because none of the harms alleged by Washington presents a concrete, ongoing injury-in-fact attributable to his parole revocation, he has not met his "burden of demonstrating collateral consequences sufficient to meet Article III's case-or-controversy requirement." Probber, 170 F.3d at 348.  His petition for habeas corpus is therefore moot and must be dismissed for lack of jurisdiction.


CONCLUSION

Washington's September 26, 2007 amended petition for a writ of habeas corpus is dismissed for lack of jurisdiction.  In addition, the Court declines to issue a certificate of appealability.  Washington has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted.  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).  The Court also finds pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED:

Dated:   October 28, 2009
         New York, New York

                                        DENISE COTE
                               United States District Judge